UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

LAWYERS FOR GOOD GOVERNMENT, INC.,

Plaintiff,

vs.

NATIONAL PARK SERVICE; and the UNITED STATES DEPARTMENT OF THE INTERIOR,

Defendants.

Case No. 2:26-cv-01504

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Comes now Plaintiff Lawyers for Good Government ("L4GG"), by and through its undersigned attorneys, and brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking disclosure and release of documents from Defendants National Park Service ("NPS") and the Department of the Interior ("DOI"). In support thereof, Plaintiff alleges as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. §§ 701–706, and 28 U.S.C. §§ 1331, 1391.

COMPLAINT-1

**LAWYERS FOR GOOD GOVERNMENT**
1319 F St. NW, Suite 301, PMB 181
Washington, DC 20004
Phone: 404-913-5529

2.    Venue in the Western District of Washington is proper under 5 U.S.C. § 552(a)(4)(B) because the Seattle regional office of the NPS includes Washington State (*i.e.*, Region 9: Columbia - Pacific Northwest) and is where at least some agency records at issue are situated. Judicial resources will be conserved by litigating both matters in the Western District of Washington where NPS holds an office.

3.    Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, L4GG is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of agency records improperly withheld.

## II.    PARTIES

4.    Plaintiff L4GG is a 501(c)(3) non-profit organization that mobilizes a network of over 125,000 legal professionals for large-scale pro bono programs and advocacy. Focused on protecting human rights, defending democracy, and advancing environmental justice, L4GG works to ensure government accountability and provide legal assistance to underserved communities.

5.    Defendants Department of the Interior and its component agency, the National Park Service, are each "agencies" within the meaning of 5 U.S.C. § 552(f)(1), and have possession, custody and control over the documents requested by Plaintiff L4GG.

## III.    STATUTORY BACKGROUND

6.    The Freedom of Information Act provides that any member of the public may request records from a United States agency. Upon receipt of a FOIA request, an agency must determine within 20 business days — or, in "unusual circumstances," by 30 business days — whether it will comply with a request and notify the requestor of its determination and reasoning in writing. 5 U.S.C. § 552(a)(6)(A)(i), (B)(i). This determination must also timely identify the

COMPLAINT-2

**LAWYERS FOR GOOD GOVERNMENT**
1319 F St. NW, Suite 301, PMB 181
Washington, DC 20004
Phone: 404-913-5529

scope of the documents the agency intends to produce and the exemptions, if any, that it will apply to withhold responsive documents.

7.    In response to a FOIA request, an agency, after engaging in a reasonable search for responsive records, must disclose in a timely manner all records that do not fall within nine narrowly construed statutory exemptions. 5 U.S.C. § 552(a)(3)(A), (C), (b)(1)-(9).

8.    Upon complaint, a district court can enjoin an agency from withholding records and order production of records improperly withheld. 5 U.S.C. § 552(a)(4)(B).

## IV.    FACTUAL BACKGROUND

### A.    September 2025 FOIA Request

9.    On September 26, 2025, L4GG submitted an electronic FOIA request to the DOI on its official website for such submissions, identified thereon the "action office" as the NPS and the "request type" as "NPS FOIA," that seeks the following records:

Any and all documentation in possession, custody or control of the Department of Interior (hereinafter "DOI") on and after January 1, 2025, concerning "public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction" in Washington State that have been or will be deemed by the department under Executive Order 14253 or Secretary Order No 3431 to "inappropriately disparage Americans past or living (including persons living in colonial times) … or, with respect to natural features, the beauty, abundance, and grandeur of the American landscape."

Any and all communications, photographs, videos, preliminary and final documents or other things in DOI possession, custody or control on and after January 1, 2025, identifying the specific ways the department has "taken action," intends to take action in the future, or has directed others to take action pursuant to Executive Order 14253 or Secretary Order No 3431 "to ensure that all public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction" in the state of Washington "do not contain descriptions, depictions, or other content that inappropriately disparage Americans past or living (including persons living in colonial times) and instead focus on the greatness of the achievements and progress of the American people or, with respect to natural features, the beauty, abundance, and grandeur of the American landscape."

COMPLAINT-3

**LAWYERS FOR GOOD GOVERNMENT**
1319 F St. NW, Suite 301, PMB 181
Washington, DC 20004
Phone: 404-913-5529

Any and communications and preliminary and final documents in DOI possession, custody or control on and after January 1, 2025, discussing, concerning, drafting, identifying or establishing the criteria, test or analysis to be applied when evaluating under Executive Order 14253 or Secretary Order No 3431 whether any or "all public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction contain descriptions, depictions, or other content that inappropriately disparage Americans past or living (including persons living in colonial times) …."

Any and all communications and preliminary and final documents in DOI possession, custody or control on and after January 1, 2025, discussing, concerning, drafting, identifying or establishing the criteria, test or analysis to be applied when evaluating under Executive Order 14253 or Secretary Order No 3431 how any or "all public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction" could, should or will be changed, modified or removed in part or in whole to "focus on the greatness of the achievements and progress of the American people …."

Any and all communications and preliminary and final documents in DOI possession, custody or control on and after January 1, 2025, discussing, concerning, drafting, identifying or establishing the criteria, test or analysis to be applied when evaluating under Executive Order 14253 or Secretary Order No 3431 whether any or "all public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction contain descriptions, depictions, or other content that inappropriately disparage, … with respect to natural features, the beauty, abundance, and grandeur of the American landscape."

Any and all communications and preliminary and final documents in DOI possession, custody or control on and after January 1, 2025, discussing, concerning, drafting, identifying or establishing the criteria, test or analysis to be applied when evaluating under Executive Order 14253 or Secretary Order No 3431 how any or all descriptions, depictions, or other content identified with respect to natural features could, should or will be changed, modified or removed in part or in whole.

Any and all communications and preliminary and final documents in DOI possession, custody or control on and after January 1, 2025, discussing, concerning, explaining or documenting how the criteria, test or analysis used under Executive Order 14253 or Secretary Order No 3431 was specifically applied to justify, explain or direct each change, modification or removal under that order of descriptions, depictions, or other content from any and "all public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction" in Washington State.

COMPLAINT-4

**LAWYERS FOR GOOD GOVERNMENT**
1319 F St. NW, Suite 301, PMB 181
Washington, DC 20004
Phone: 404-913-5529

10.     On September 26, 2025, in response to the above FOIA request, the "DOI FOIA Office" initially emailed Plaintiff in relevant part: "We would like to inform you that the Department of the Interior has received your Freedom of Information Act (FOIA) request and assigned it the control number DOI-2025-009897." Minutes later, Plaintiff received from that same "DOI FOIA Office" an email stating in relevant part: "You've successfully created a PAL account. You will receive another email with a link to create your password." Thereafter, neither the promised link to create a "PAL" password nor any further communication from the "DOI FOIA Office" was received.

11.     Beginning on January 13, 2026, after waiting almost four months for a response from Defendants but obtaining none, Plaintiff repeatedly requested the status of its long-pending FOIA request and directions on how it could obtain the promised link to create a password to its assigned "PAL" account. Plaintiff did so by sending emails to and leaving telephone messages with, among others, the Office of Government Information Services ("OGIS"), NPS Pacific West Region ("PWR"), and the NPS FOIA Office.

12.     On February 2, 2026, Plaintiff received an email from Andres Gandolfi, who apparently had been requested by Cindy Cafaro (FOIA Public Liaison ("FPL") for the NPS) to "look into the below PAL issue and reach out to the requester" while "[w]e will address the status request portion." After several email exchanges with Mr. Gandolfi, Plaintiff was finally able to obtain a password to its PAL account, only to learn that the status of its September 26, 2025, FOIA request still was merely "Assigned for Processing." As of the time of this filing, that status remains unchanged.

13.     Because L4GG has never been advised as to whether Defendants will comply with the subject FOIA request – much less notified of its determination and reasoning in writing if they do not intend to comply – on February 4, 2026 Plaintiff then emailed "FOIA, NPS" (npsfoia@nps.gov) again requesting to be advised as to "when the requested documents will be

COMPLAINT-5

**LAWYERS FOR GOOD GOVERNMENT**
1319 F St. NW, Suite 301, PMB 181
Washington, DC 20004
Phone: 404-913-5529

provided and/or such contact and notice will be provided." No such communication or explanation from Defendants has ever been received or offered in response.

### B. January 2026 FOIA Request

14. On January 23, 2026, L4GG submitted an electronic FOIA request to NPS, DOI, and OIG on their official website for such submissions, that seeks the following records:

All documents (including communications, policies, standards, guidance, memoranda, instructions, meeting notes, analyses, public feedback, and orders, etc.) related to the implementation of E.O. 14253 and Order 3431 as they relate to Arlington House, including, but not limited to, all documents regarding interpretive rangers and volunteer docents, requests to review Arlington House or its materials in response to the orders, lists of sites/information/displays/literature subject to review, communications about those things subject to review, and final determinations as to what action should be taken;

All policies, procedures, standards, guidance, memos, instructions, and other documents regarding the implementation of E.O. 14253 and Order 3431 in general;

All documents reflecting the reasons for, or analysis of, and decision to remove, alter, or limit, children's interpretive materials about racism, oppression, chattel slavery, enslaved people, or slaveholders, at Arlington House, including Junior Ranger literature and material previously available in paper format and on the Arlington House website (https://www.nps.gov/arho/learn/kidsyouth/index.htm);

All documents reflecting the reasons for, or analysis of, any decision to remove, alter, or limit any other exhibit, object, communication, or literature about race, racism, oppression, chattel slavery, enslaved people, or slaveholders, and/or chattel slavery at Arlington House;

All documents reflecting the reasons for, or analysis of, any decision to direct or instruct any Arlington House staff or volunteer to alter or limit tour content, interpretive programming, historical content, or speech related to the history of race, racism, oppression, chattel slavery, or enslavement at Arlington House, including but not limited to references to the sexual assault of enslaved people by their enslavers;

All documents, communications, notes, evaluations, or records regarding descendants of the Custis, Lee, or Syphax family members, or any member of Arlington House Descendants' Family Circle ("Family Circle") or the Family Circle generally, and interpretive programming at Arlington House as it relates to the implementation of E.O. 14253 and Order 3431;

COMPLAINT-6

**LAWYERS FOR GOOD GOVERNMENT**
1319 F St. NW, Suite 301, PMB 181
Washington, DC 20004
Phone: 404-913-5529

All guidance documents, directives, memoranda, or internal instructions that apply to Arlington House, governing staff or volunteer discussion, education, or interpretation of the history of chattel slavery, race, racism, or oppression including discussion of living conditions, sexual violence, torture, or other "shameful" historical topics.

All records otherwise describing, analyzing, or reflecting the rationale, consultation, or approval process for the above decisions or any decisions to amend, alter, remove, curtail, reinstate, or prohibit communications, materials, or objects as they relate to race, racism, oppression, chattel slavery, enslaved people, slaveholders, or the Family Circle at Arlington House.

15.    On January 23, 2026, in response to the January 2026 request, the "DOI FOIA Office" initially emailed Plaintiff in relevant part: "We would like to inform you that the Department of the Interior has received your Freedom of Information Act (FOIA) request and assigned it the control number DOI-2026-003367." Minutes later, the same email address sent the same email response but assigned it control number DOI-2026-003368. And subsequently, a third email response was sent assigning the FOIA submission control number DOI-OIG-2026-000060.

16.    On January 26, 2026, the OIG FOIA office emailed Plaintiff concerning the January 2026 request and stated, "We have confirmed with NPS that this same request was filed with their FOIA office and has received a FOIA request number. We are closing your request." The OIG attached a Determination Letter citing that the FOIA was misdirected to the OIG. The OIG FOIA Office then sent an email to update #DOI-OIG-2026-000060 status as "closed."

17.    On February 2, 2026, the Office of the Secretary's FOIA Office, emailed Plaintiff an Acknowledgment Letter regarding DOI-2026-003367. The Agency granted the Fee Waiver Request but denied the Expedited Processing Request. The Acknowledgment Letter went on to state:

Your request falls into the "Complex" processing track for requests that would generally take twenty-one to sixty workdays to process. Within each track, requests are usually processed on a first-in, first-out basis. You may narrow the scope of

COMPLAINT-7

**LAWYERS FOR GOOD GOVERNMENT**
1319 F St. NW, Suite 301, PMB 181
Washington, DC 20004
Phone: 404-913-5529

your request to obtain quicker processing in your currently-assigned track or move the request into a different track which may have the effect of reducing the cost of processing your request and having it processed more quickly… Because we will need to search for and collect requested records from field facilities or other units that are separate from the office processing the request, we are taking a 10-workday extension under 43 C.F.R. § 2.19. You can expect to hear from us promptly regarding the outcome of this search.

18.   In the more than ninety days since receiving DOI's Acknowledgment Letter concerning the January 2026 request, DOI has still not provided any responsive documents, nor made a final determination on that FOIA request.

19.   In the several months since the September 2025 and January 2026 requests were made, the implementation of Executive Order 14253 has come under increasingly intense public scrutiny. An implementation database was disclosed to the media and has generated widespread concern.[1] Further, a federal court has preliminarily ruled that such changes to historical markers at a NPS site were unlawful. *See City of Phila. v. Burgum*, No. 26-cv-434, 2026 WL 431943, at *1 (E.D. Pa. Feb. 16, 2026) ("An agency, whether the Department of the Interior, NPS, or any other agency, cannot arbitrarily decide what is true, based on its own whims or the whims of the new leadership, regardless of the evidence before it. Accordingly, the City is likely to prevail on its claims that the removal was arbitrary and capricious."). Other litigation is pending. *See Nat'l Parks Conservation Ass'n v. Dep't of the Interior,* No. 1:26-cv-10877 (D. Mass.).

20.   Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the deadline to communicate a determination regarding the September 26, 2025, request (DOI-2025-009897) expired over five months ago in November of 2025. Despite Plaintiff's repeated efforts to contact Defendants, the latter have not communicated with it about that request, and therefore Plaintiff L4GG has constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

---

[1] *See* Karin Brulliard and Brady Dennis, **"*Confidential database reveals which items NPS thinks may 'disparage' America,*"** Wash. Post (Mar. 2, 2026), https://www.washingtonpost.com/climate-environment/2026/03/02/national-parks-signs-censorship-slavery/.

COMPLAINT-8

LAWYERS FOR GOOD GOVERNMENT
1319 F St. NW, Suite 301, PMB 181
Washington, DC 20004
Phone: 404-913-5529

## V.    CLAIM FOR RELIEF
### Declaratory and Injunctive Relief:
### Violation of the Freedom of Information Act, 5 U.S.C. § 552

21.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

22.    Defendants are agencies subject to FOIA, 5 U.S.C. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in their possession at the time of the request that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records (or portions thereof) as to which they are claiming an exemption.

23.    The records requested in both above-described FOIA requests are subject to release pursuant to FOIA.

24.    Defendants have failed to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, to refrain from withholding responsive records, and to timely rule on Plaintiff's request for waiver of fees. The failure of Defendants DOI and NPS to comply with their statutory duties and timely disclose the records sought by Plaintiff and timely rule on the waiver of fees is a constructive denial of these requests and violates FOIA, 5 U.S.C. § 552(a)(3)(A).

## VI.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

B.    Declare that the records sought by Plaintiff, and as more particularly described above in paragraphs 9 and 14, are records pursuant to FOIA and must be disclosed;

C.    Order Defendants DOI and NPS to conduct a search or searches reasonably calculated to uncover all records responsive to both of L4GG's aforementioned FOIA requests and provide the requested records to Plaintiff, including electronic copies of records stored in

COMPLAINT-9

**LAWYERS FOR GOOD GOVERNMENT**
1319 F St. NW, Suite 301, PMB 181
Washington, DC 20004
Phone: 404-913-5529

electronic format, within 10 business days of the Court's order and do so without assessing research and/or copy fees. See 5 U.S.C. § 552(a)(4)(A)(viii)(I);

D.      Award Plaintiff L4GG the costs of this proceeding, including its reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

E.      Grant Plaintiff such other and further relief as this Court deems just and proper.


Dated: May 4, 2026                          Respectfully submitted,

                                            /s/ Daniel R. Hamilton
                                            Daniel R. Hamilton    WSB #14658
                                            Rachel Johnson*        IL #6318046
                                            **LAWYERS FOR GOOD GOVERNMENT**
                                            1319 F St. NW, Suite 301
                                            PMB 181
                                            Washington, DC 20004
                                            Phone: 404-913-5529
                                            dhamilton-pblc@lawyersforgoodgovernment.org
                                            rachel@lawyersforgoodgovernment.org

                                            ATTORNEYS FOR PLAINTIFF

                                            *pro hac vice motion forthcoming*

COMPLAINT-10

**LAWYERS FOR GOOD GOVERNMENT**
1319 F St. NW, Suite 301, PMB 181
Washington, DC 20004
Phone: 404-913-5529