# United States Department of the Interior

NATIONAL PARK SERVICE
1849 C Street, N.W.
Room 2229
Washington, DC 20240

IN REPLY REFER TO:
DOI-2026-003368

May 21, 2026

Rachel Johnson
6218 Georgia Ave, NW #5001
Washington, DC 20011

Via email: rachel@lawyersforgoodgovernment.org

Dear Rachel Johnson:

The National Park Service (NPS) Freedom of Information Act (FOIA) office received your FOIA request, dated January 23, 2026, on the same day, and assigned it control number DOI-2026-003368. Please cite this number in any future communications with our office regarding your request. You requested:

> *This is a request under the Freedom of Information Act, 5 U.S.C. § 552, and the Department of the Interior's FOIA regulations, 43 C.F.R. Part 2. We seek records, documents, guidance, and communications, maintained by the National Park Service (NPS) and/or the Department of the Interior (DOI), or any other office reasonably likely to maintain responsive records – including by staff at the Office of the Secretary, Arlington House, the Robert E. Lee Memorial (hereinafter "Arlington House"), the George Washington Memorial Parkway Headquarters, the National Capital Area Regional Office, and NPS Headquarters, relating to*
>
> *a) the implementation of Executive Order No. 14253, "Restoring Truth and Sanity to American History," (E.O. 14253), and Order No. 3431 issued by the Secretary of the Interior (Order 3431) as applied to Arlington House; and*
>
> *b) the removal or alteration of museum exhibits and/or literature or other programming as it relates to the implementation of the Orders.*
>
> *Various people who engage with NPS education have reported that the President issued this Order and the Secretary implemented it to suppress or distort historical education available at NPS sites, contrary to their statutory duties. We have reason to believe that implementation of this order led to substantive changes and censorship at Arlington House, including the removal of the Arlington House Jr. Ranger booklet, and, possibly, how the accounts of enslaved people are retold. This request is made so that we can better understand what, if anything, has changed at Arlington House and related sites since the implementation of E.O. 14253. The request period is March 1, 2025, to the present, unless otherwise stated.*
>
> *I. Description of Records Requested*

*Please search all relevant offices, including Arlington House, George Washington Memorial Parkway Headquarters, regional directors, interpretation and education divisions, and other relevant headquarters divisions at NPS and Interior.*

1. *Decision-making and Administrative Record*
   a. *All documents (including communications, policies, standards, guidance, memoranda, instructions, meeting notes, analyses, public feedback, and orders, etc.) related to the implementation of E.O. 14253 and Order 3431 as they relate to Arlington House, including, but not limited to, all documents regarding interpretive rangers and volunteer docents, requests to review Arlington House or its materials in response to the orders, lists of sites/information/displays/literature subject to review, communications about those things subject to review, and final determinations as to what action should be taken;*
   b. *All policies, procedures, standards, guidance, memos, instructions, and other documents regarding the implementation of E.O. 14253 and Order 3431 in general;*
   c. *All documents reflecting the reasons for, or analysis of, and decision to remove, alter, or limit, children's interpretive materials about racism, oppression, chattel slavery, enslaved people, or slaveholders, at Arlington House, including Junior Ranger literature and material previously available in paper format and on the Arlington House website (https://www.nps.gov/arho/learn/kidsyouth/index.htm);*
   d. *All documents reflecting the reasons for, or analysis of, any decision to remove, alter, or limit any other exhibit, object, communication, or literature about race, racism, oppression, chattel slavery, enslaved people, or slaveholders, and/or chattel slavery at Arlington House;*
   e. *All documents reflecting the reasons for, or analysis of, any decision to direct or instruct any Arlington House staff or volunteer to alter or limit tour content, interpretive programming, historical content, or speech related to the history of race, racism, oppression, chattel slavery, or enslavement at Arlington House, including but not limited to references to the sexual assault of enslaved people by their enslavers;*

2. *Descendant Engagement a.All documents, communications, notes, evaluations, or records regarding descendants of the Custis, Lee, or Syphax family members, or any member of Arlington House Descendants' Family Circle ("Family Circle") or the Family Circle generally, and interpretive programming at Arlington House as it relates to the implementation of E.O. 14253 and Order 3431;*
3. *Policies, Directives, and Training Materials a.All guidance documents, directives, memoranda, or internal instructions that apply to Arlington House, governing staff or volunteer discussion, education, or interpretation of the history of chattel slavery, race, racism, or oppression including discussion of living conditions, sexual violence, torture, or other "shameful" historical topics.*
4. *Catch-all Clause a.All records otherwise describing, analyzing, or reflecting the rationale, consultation, or approval process for the above decisions or any decisions to amend, alter, remove, curtail, reinstate, or prohibit communications, materials, or objects as they relate to race, racism, oppression, chattel slavery, enslaved people, slaveholders, or the Family Circle at Arlington House.*

*II. Preferred Format*

*Please provide records in searchable electronic format via email or a secure file transfer. If stored in a database, please export in CSV or excel format.*

*III. Segregability and Exemption Index*

*If any information is withheld, please release all reasonably segregable non-exempt portions and provide an itemized index describing each withheld record, the applicable exemption, and justification.*

**Acknowledgment—Other Use Requester—43 C.F.R. §§ 2.38, .39**

We have classified you as an "other-use" requester. As such, we may charge you for some of our search and duplication costs, but we will not charge you for our review costs; you are also entitled to up to 2 hours of search time and 100 pages of photocopies (or an equivalent volume) for free. *See* 43 C.F.R. § 2.39. If, after taking into consideration your fee category entitlements, our processing costs are less than $50.00, we will not bill you because the cost of collection would be greater than the fee collected. *See* 43 C.F.R. § 2.37(g)

Because of your entitlements, we do not anticipate there will be billable fees for processing your request at this time, so there is no need for us to address your request for a fee waiver.

**Multitrack Processing—43 C.F.R. §§ 2.14, .15**

We use Multitrack Processing to process FOIA requests. The Simple track is for requests that would generally take one to five workdays to process. The Normal track is for requests that would generally take six to twenty workdays to process. The Complex track is for requests that would generally take twenty-one to sixty workdays to process. The Extraordinary track is for requests that would generally take more than sixty workdays to process. The Expedited track is for requests that have been granted expedited processing, which are processed as soon as practicable. Within each track, requests are usually processed on a first-in, first-out basis.

**Notification that Determination will be made Outside the Time Limits of Subpart D-43 C.F.R. Part 2, Subpart D**

Your request falls into the Complex processing track. There are 260 requests pending ahead of yours in this processing track.

As yet, we have been unable to make a determination on your request. We apologize for this delay. You may narrow the scope of your request to obtain quicker processing in your currently-assigned track or move the request into a different track (which may have the effect of having it processed more quickly).

**Expedited Processing Denial—*43 C.F.R. § 2.20***

You have asked for expedited processing of your FOIA request. The Department's FOIA regulations state that a bureau will provide expedited processing when a requester demonstrates a compelling need for the records by explaining in detail how the request meets one or both criteria below and certifying the explanation is true and correct to the best of the requester's knowledge and belief. The two criteria are as follows:

1. Failure to expedite the request could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

2. There is an urgency to inform the public about an actual or alleged government activity and the request is made by a person primarily engaged in disseminating information. (The requested information must be the type of information that has particular value that will be lost if not disseminated quickly; this ordinarily refers to a breaking news story that concerns a matter of public exigency. Information of historical interest only or information sought for litigation or commercial activities would not qualify, nor would a news media deadline unrelated to breaking news.)

*43 C.F.R § 2.20*.

Your request does not contain enough evidence to support either of these criteria because the information provided in your request does not establish an urgency to inform the public. Your request for expedited processing therefore has been denied.

Now that this matter is the subject of active litigation, please direct any communication regarding this request through Brian Kipnis, Assistant United States Attorney, *Brian.Kipnis@usdoj.gov*.

Sincerely,

NICOLE TURNER

Digitally signed by NICOLE TURNER
Date: 2026.05.21 15:35:57 -04'00'

Nicole Turner
Government Information Specialist
National Park Service