United States Department of the Interior
NATIONAL PARK SERVICE
1849 C Street, N.W.
Room 2229
Washington, DC 20240

IN REPLY REFER TO:
DOI-2025-009897

September 22, 2026

Dan Hamilton
Lawyers for Good Government
1319 F St NW, Ste 301, PMB 387
Washington, DC 20004

Via email: dhamilton-pblc@lawyersforgoodgovernment.org

Dear Dan Hamilton:

We are writing regarding Freedom of Information Act (FOIA) request numbered **DOI-2025-009897** and the FOIA lawsuit captioned as ***Lawyers for Good Government, Inc., v. National Park Service and the United States Department of the Interior, No. 2:26-cv-01504.***

Request **DOI-2025-009897**, submitted on January 23, 2026, seeks the following:

> *Any and all documentation in possession, custody or control of the Department of Interior (hereinafter "DOI") on and after January 1, 2025, concerning "public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction" in Washington State that have been or will be deemed by the department under Executive Order 14253 or Secretary Order No 3431 to "inappropriately disparage Americans past or living (including persons living in colonial times) … or, with respect to natural features, the beauty, abundance, and grandeur of the American landscape."*
>
> *Any and all communications, photographs, videos, preliminary and final documents or other things in DOI possession, custody or control on and after January 1, 2025, identifying the specific ways the department has "taken action," intends to take action in the future, or has directed others to take action pursuant to Executive Order 14253 or Secretary Order No 3431 "to ensure that all public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction" in the state of Washington "do not contain descriptions, depictions, or other content that inappropriately disparage Americans past or living (including persons living in colonial times) and instead focus on the greatness of the achievements and progress of the American people or, with respect to natural features, the beauty, abundance, and grandeur of the American landscape."*
>
> *Any and communications and preliminary and final documents in DOI in possession, custody or control on and after January 1, 2025, discussing, concerning, drafting, identifying or establishing the criteria, test or analysis to be applied when evaluating under*

*Executive Order 14253 or Secretary Order No 3431 whether any or "all public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction contain descriptions, depictions, or other content that inappropriately disparage Americans past or living (including persons living in colonial times) …."*

*Any and all communications and preliminary and final documents in DOI possession, custody or control on and after January 1, 2025, discussing, concerning, drafting, identifying or establishing the criteria, test or analysis to be applied when evaluating under Executive Order 14253 or Secretary Order No 3431 how any or "all public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction" could, should or will be changed, modified or removed in part or in whole to "focus on the greatness of the achievements and progress of the American people …."*

*Any and all communications and preliminary and final documents in DOI possession, custody or control on and after January 1, 2025, discussing, concerning, drafting, identifying or establishing the criteria, test or analysis to be applied when evaluating under Executive Order 14253 or Secretary Order No 3431 whether any or "all public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction contain descriptions, depictions, or other content that inappropriately disparage, … with respect to natural features, the beauty, abundance, and grandeur of the American landscape."*

*Any and all communications and preliminary and final documents in DOI possession, custody or control on and after January 1, 2025, discussing, concerning, drafting, identifying or establishing the criteria, test or analysis to be applied when evaluating under Executive Order 14253 or Secretary Order No 3431 how any or all descriptions, depictions, or other content identified with respect to natural features could, should or will be changed, modified or removed in part or in whole.*

*Any and all communications and preliminary and final documents in DOI possession, custody or control on and after January 1, 2025, discussing, concerning, explaining or documenting how the criteria, test or analysis used under Executive Order 14253 or Secretary Order No 3431 was specifically applied to justify, explain or direct each change, modification or removal under that order of descriptions, depictions, or other content from any and "all public monuments, memorials, statues, markers, or similar properties within the Department of the Interior's jurisdiction" in Washington State.*

We are writing to partially respond to your request. Enclosed are two (2) pdf files consisting of two hundred and thirty-seven (237) pages of records from the WASO_SO3431_Compliance mailbox, which are being released to you in part. Portions of these materials are being withheld under FOIA Exemption 6.

**Exemption 6—*43 C.F.R. §§ 2.23*, *.24***

Exemption 6 allows an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *5 U.S.C. § 552(b)(6)*. We are withholding five (5) pages in part under Exemption 6.

The phrase “similar files” covers any agency records containing information about a particular individual that can be identified as applying to that individual. To determine whether releasing records containing information about a particular individual would constitute a clearly unwarranted invasion of personal privacy, we are required to balance the privacy interest that would be affected by disclosure against any public interest in the information.

Under the FOIA, the only relevant public interest to consider under the exemption is the extent to which the information sought would shed light on an agency’s performance of its statutory duties or otherwise let citizens ‘know what their government is up to. The burden is on the requester to establish that disclosure would serve the public interest. When the privacy interest at stake and the public interest in disclosure have been determined, the two competing interests must be weighed against one another to determine which is the greater result of disclosure: the harm to personal privacy or the benefit to the public. The purposes for which the request for information is made do not impact this balancing test, as a release of information requested under the FOIA constitutes a release to the general public.

The information that has been withheld under Exemption 6 consists of personal information, and we have determined that the individuals to whom this information pertains have a substantial privacy interest in withholding it. Additionally, we have determined that the disclosure of this information would shed little or no light on the performance of the agency’s statutory duties. Because the harm to personal privacy is greater than whatever public interest may be served by disclosure, release of the information would constitute a clearly unwarranted invasion of the privacy of these individuals and we are withholding it under Exemption 6.

We reasonably foresee that disclosure would harm an interest protected by one or more of the nine exemptions to the FOIA’s general rule of disclosure.

Nicholas Banco, National Park Service Freedom of Information Act Officer is responsible for this partial denial. Alexi Qvarnstrom, Attorney-Advisor in the Office of the Solicitor was consulted.

We are continuing to search for additional records that are responsive to your request.

Now that this matter is the subject of active litigation, please direct any communication regarding this request through Brian Kipnis, Assistant United States Attorney, *Brian.Kipnis@usdoj.gov*.

Sincerely,

NICOLE TURNER

Digitally signed by NICOLE TURNER
Date: 2026.09.22 10:06:35 -04'00'

Nicole Turner
Government Information Specialist
National Park Service